IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD E. PORTER,

    Plaintiff

    v.

CREDIGY RECEIVABLES, INC.

    Defendant

JURY DEMANDED

No. 09-296 Erie

## COMPLAINT

NOW COMES the Plaintiff, RONALD E. PORTER, by and through his attorneys, KIMMEL & SILVERMAN, P.C. against Defendant, CREDIGY RECEIVABLES INC., and states:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Plaintiff is an individual who resides in Oil City, Pennsylvania.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a natural person allegedly obligated to pay a debt.

4. At all relevant times, Defendant, Credigy Receivables, Inc. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant First Select now totaling $4,025.61.

Complaint - 1

5. On information and belief, Defendant is a national debt collection company with its principal place of business located at 43950 Johns Creek Ct., #100, in Suwannee, Georgia, 30024.

## BACKGROUND OF THE FDCPA 15 U.S.C. §1692 et seq

6. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the col0lection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

7. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

8.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

9.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was allegedly hired to collect or assigned a debt relating to consumer credit card purchases that were allegedly originally owed to First Select, Inc.

11. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household, purposes.

12. On or about April 22, 2002, First Select filed a complaint against Plaintiff to recover for alleged indebtedness. The complaint asserted claims for amounts that were far in excess of any amounts due on account or which might conceivably be owed for any reason.

13. The complaint was never served upon Plaintiff, though First Select affirmed that it had been.

14. On or about July 17, 2002, First Select obtained a default judgment for an alleged amount of $2,797.02, though Plaintiff had never been served with the complaint and had no knowledge of its filing or of any hearing.

15. Plaintiff first learned of the judgment in September 2009 when he received Interrogatories in Aid of Execution from the Law Office of Edwin A. Abrahamsen & Associates, PC, attorneys for Defendant, attempting to execute the July 17, 2002, judgment.

16. On or about November 9, 2009, the Law Office of Edwin A. Abrahamsen & Associates, PC, attorneys for Defendant, sent Plaintiff another letter advising that he had ten (10) days to answer the Interrogatories in Aid of Execution or a Motion to Compel his Responses to the Interrogatories would be filed in the Venango County Court of Common Pleas. A true and correct copy of the letter referred to is attached hereto as Exhibit "A".

17. Having finally become aware of the judgment First Select obtained without service in 2002, Plaintiff retained counsel and on or about November 23, 2009, filed a Petition to Open Judgment by Default. True and correct copies of the Petitions are attached hereto, made a part hereof and marked Exhibits "B" and "C".

## CONSTRUCTION OF APPLICABLE LAW

18. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

Complaint - 4

19. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). **The remedial nature of the FDCPA requires that courts interpret it liberally.** *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

20. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d 1318.

## COUNT I: FDCPA vs. BOTH DEFENDANTS

21. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the debt Plaintiff does not as owe in violation of 15 U.S.C. § 1692d;

b) Using false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

c) Misrepresenting the amount of the debt 15 U.S.C. § 1692e(2);

d) The threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

e) Making deceptive, false or misleading representations when attempting to collect a debt in violation of 15 U.S.C. § 1692e(5);

f) Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

g) The collection of amounts expressly not permitted by law in violation of 15 U.S.C. § 1692f(1);

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of November, 2009

Respectfully submitted,

Date: 11/23/09        By:

/s/ Craig Thor Kimmel

CRAIG THOR KIMMEL
KIMMEL & SILVERMAN P.C.
30 East Butler Avenue
Ambler, PA 19002

Phone: (215) 540-8888
Facsimile (800) 863-1689